A. PARKER NEWMAN *vs.* JOHN G. WALLACE & others.

Suffolk. March 17. — Nov. 4, 1876. AMES & MORTON, JJ., absent.

In an action on a promissory note, alleged to have been made on a certain day, if upon the face of the note an alteration is apparent in the date, the question whether the alteration was made before or after delivery is for the jury, if there is any evidence to show that the note at the time of delivery bore the date set forth in the declaration.

CONTRACT against John G. Wallace, Willard Broad, Henry Morse and Jonas B. Hildreth, on a promissory note, dated June 6, 1873, for $10,000, payable in six months from date to J. B. Hildreth or order, witnessed by Alexander F. Wadsworth, alleged to have been signed by the three first named defendants jointly and severally, and indorsed by the defendant Hildreth to the plaintiff. Trial in the Superior Court, before *Rockwell*, J., who reported the case for the consideration of this court, in substance as follows :

Alexander F. Wadsworth testified that the note was signed by the defendants, Wallace, Broad and Morse, in his presence and at his office. On cross-examination, he testified that he did not remember whether the note was signed on the day of its date ; that there was a deed of real estate connected with the same transaction, signed at the same time by Hildreth, whose acknowledgment thereto was taken by the witness, as a justice of the peace. The witness's attention was then called to what appeared to be an alteration of the date of the note, the " 11th " and " 6th " both being written, one over the other, and he was asked when the alteration was made. He replied, " I think an alteration of the date of the note has been made since the note was signed, because if an alteration had been made on it when I saw it, I think I should have noted it, it being my habit to do so."

The defendants then objected to the note being read to the jury, and the judge found that there was an apparent alteration in it which the plaintiff was bound to explain. For this purpose, the plaintiff further examined Wadsworth, who testified that there was a real estate mortgage from the defendants, Wallace, Broad and Morse, to J. B. Hildreth, to secure four promis-

sory notes, executed in his presence; that the four notes, the note in suit being one of them, were also signed in his presence, and that there was also a deed from Hildreth to the other defendants, of the land described in the said mortgage signed at the same time; that the witness took the acknowledgments to said deed and mortgage, and witnessed the notes; that he did not write any of the notes; that the dates, so far as he could recollect, were not altered in his presence.

The mortgage and deed were introduced, and the signatures thereto proved by the witness Wadsworth. Each bore date " sixth day of June, 1873." The mortgage was expressed to be to secure the sum of $55,345.25, " ten thousand dollars in six months from this date, and the balance of said sum in one, two, and three years from the date hereof," and provided that in case of payment, as aforesaid, said " deed, as also four notes of even date herewith, signed by the said grantors, whereby they promise to pay to the said grantee, or order, the said sums and interest at the times aforesaid, shall be void." Three notes, each of $15,115.08, signed by Wallace, Morse and Broad, payable to Hildreth, or order, respectively in one, two and three years, and each dated " June 6, 1873," were introduced, and said witness, Wadsworth, testified that they were signed in his presence, as parts of the transaction of which said deed, mortgage and note of $10,000 were parts. He further testified that all this occurred on June 11, 1873, and the acknowledgments to said deed and mortgage bore date of that day.

The plaintiff then introduced Jonas B. Hildreth, who testified that he was the payee named in the note sued on; that the notes were written in the office of the defendant Morse, by the son of Morse, on June 11, 1873; that the witness on the same day went with the other defendants to the office of Wadsworth, where all the papers were signed; that the date of the note was exactly now as it was then; that there was no change made in the note while in his possession, except that he wrote his name on the back; that the date of the note in suit when he took it was June 6; that he had it in his possession until about the middle of July, 1873, when he sold it to the plaintiff. The plaintiff testified that he was the owner of the note; that he bought it of Hildreth July 23, 1873, and that it was "just as it

is now" when he received it from Hildreth, and that it had been in no way changed since.

The defendants still objected to the reading of the note to the jury, and contended that the evidence showed that the note had been altered in its date from June 6 to June 11, and the note declared on was June 6; but the plaintiff contended that the evidence showed the alteration was from June 11, to June 6, and before delivery to the payee; that the latter date was the one agreed on by the parties as that which the note was to bear; that if the alteration was from June 6 to June 11 it was against the interest of the holder of the note, and, in absence of evidence when and by whom made, required no explanation, but would be presumed to have been rightly made; further, that whatever the alteration was, the evidence showed it to have been made before delivery of the note by the promisors. The plaintiff also contended that, an alteration being apparent upon the face of the note, what that alteration was, and whether rightly or wrongly made, were questions of fact for the jury under appropriate instructions from the judge, and that the evidence presented upon these questions should go to the jury.

The judge ruled that, in order to determine that there was an alteration, he must determine what the alteration was, and this question, and the explanation offered concerning the alteration, were for the judge, in the first place, and, the explanation not being satisfactory, refused to allow the evidence to go to the jury, or to admit the note in evidence. The plaintiff submitted to a verdict for the defendants.

If the ruling of the judge was incorrect in law, the verdict was to be set aside; otherwise, judgment was to be entered for the defendants.

*W. Gaston & C. H. Drew*, for the plaintiff, were stopped by the court.

*N. Morse*, for the defendants.

LORD, J. It is difficult to understand from the report the precise ground upon which the presiding judge refused to permit the note in suit to be read to the jury. Assuming it to be true that the note had been altered, there was certainly evidence to go to the jury upon the question whether it was altered before or after delivery. Indeed, it seems impossible to see any

substantial evidence that the alteration was after delivery. The witness Wadsworth identifies this as one of four notes all executed on the same day, and as parts of the same transaction. To secure these four specific notes, a mortgage deed was executed at the same time and as part of the same transaction. The mortgage and all the other notes bore date June 6, 1873. They were, however, all written on June 11, 1873. The mortgagors at the same time received a deed from one Hildreth, to whom these several notes were payable. This deed also bore date June 6, 1873. The witness Wadsworth, as a magistrate, took the acknowledgment of both deed and mortgage at the same time; and very properly made the acknowledgment as of the true date June 11, 1873. Inasmuch, therefore, as they were all written on June 11, and were all parts of the same transaction, and all were by arrangement of the parties to bear date June 6, the question should have been submitted to the jury, whether any material alteration had been made in the note after delivery.

*Verdict set aside.*